```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

OTMANE BOULAOVANI, and KATHLEEN
KELLOG, individually and on behalf
of all others similarly situated,

                Plaintiffs,

vs.                                  Case No. 2:06-cv-143-FtM-29DNF

UNITRIN DIRECT PROPERTY & CASUALTY
COMPANY,

                Defendant.
_____

**OPINION AND ORDER**

      This matter comes before the Court on Unitrin Direct Property & Casualty Company's Motion to Dismiss All Counts of the Amended Complaint (Doc. #28), filed on May 26, 2006. Plaintiffs, Otmane Boulaovani and Kathleen Kellogg filed their Response to (Amended) Motion to Dismiss All Counts (Doc. #31) on June 12, 2006.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading

requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact. Marsh, 268 F.3d at 1036 n.16.

The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. Lagrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). Fact-based attacks on the court's subject matter jurisdiction are addressed under Rule 12(b)(1), and the court may consider matters outside the pleadings without converting

the motion into a summary judgment motion.  <u>Goodman v. Sipos</u>, 259 F.3d 1327, 1331 (11th Cir. 2001).

## II.

The Amended Class Action Complaint (Doc. #17) asserts that plaintiffs Otmane Boulaovani ("Boulaovani") and Kathleen Kellogg ("Kellogg")(collectively "plaintiffs") purchased automobile insurance from Unitrin Direct Property & Casualty Company ("Unitrin").  Plaintiffs opted to pay their insurance premums on an installment plan.  Under this installment plan, plaintiffs pay a $3.00 per installment service charge and a "hidden finance charge" concealed in the differing premiums charged for cash paying customers and customers who elect to pay in installments.

Count I alleges that this results in Unitrin's service charges being excessive and substantially more than permitted under Fla. Stat. § 627.901.  Florida Statute § 627.901 permits a maximum service charge of three dollars per installment with an annual cap of thirty-six dollars unless certain disclosures are made and a signed, written consent is obtained from the insured.  Plaintiffs claim that Unitrin failed to provide the required notices and failed to obtain signed, written consent from them or other insured persons.

Count II alleges in the alternative that if the hidden finance charge contained in the premium differential is not considered a service charge, it must be considered interest.  If considered interest, the hidden finance charge was imposed without required

statutory disclosures and without obtaining a signed, written consent of the insured, and the rate exceeds the 18% per annum statutory rate allowed under Fla. Stat. § 627.902.

### III.

Unitrin claims that, under the filed rate doctrine, plaintiffs' claims must be dismissed because the premiums for which plaintiffs seek a refund were authorized by the Office of Insurance Regulation ("OIR"). The filed rate doctrine applies to regulated entities and requires such entities to charge only rates for its services that are properly filed with the appropriated federal regulatory authority. Hill v. Bellsouth Telecommunications, Inc., 364 F.3d 1308, 1315 (11th Cir. 2004). The Eleventh Circuit has recognized the application of the filed rate doctrine to cases concerning state rates, Taffet v. Southern Co., 967 F.2d 1483 (11th Cir. 1992)(en banc), and at least one Southern District of Florida case has applied the filed rate doctrine in the context of worker's compensation insurance. Uniforce Temporary Personnel, Inc. v. Nat'l Council on Compensation Ins., 892 F. Supp. 1503 (S.D. Fla. 1995), aff'd, 87 F.3d 1296 (11th Cir. 1996).

Defendant also seeks dismissal under the doctrine of primary jurisdiction. The Eleventh Circuit has explained the doctrine of primary jurisdiction as follows:

> Primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the actions by an administrative agency. Even though the court is authorized to adjudicate the claim before it,

>  the primary jurisdiction doctrine comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

Smith v. GTE Corp., 236 F.3d 1292, 1298 n.3 (11th Cir. 2001) (internal quotations and citations omitted). There are two main justifications for the rule: (1) the expertise of the agency deferred to; and (2) the need for uniform interpretation of a statute or regulation. Boyes v. Shell Oil Prods. Co., 199 F.3d 1260, 1265 (11th Cir. 2000). The United States Supreme Court has made clear that there is no "fixed formula . . . for applying the doctrine of primary jurisdiction." United States v. Western P. R. Co., 352 U.S. 59, 64 (1956).

Progressive Express Ins. Co. v. Reaume, 937 So. 2d 1120 (Fla. 2d DCA 2006) involved claims identical to this case. Reaume found that plaintiff was first required to seek relief with the OIR. There is no claim in this case that plaintiff sought relief from the OIR, therefore the amended complaint will be dismissed.

Accordingly, it is now

**ORDERED**:

1. Unitrin Direct Property & Casualty Company's Motion to Dismiss All Counts of the Amended Complaint (Doc. #28) is **GRANTED,** and the case is dismissed without prejudice.

2. The Clerk shall enter judgment accordingly, terminate any pending motion, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of March, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD