UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OTMANE BOULAOVANI, and KATHLEEN
KELLOG, individually and on behalf
of all others similarly situated,

Plaintiffs,

vs.                                    Case No.  2:06-cv-143-FtM-29DNF

UNITRIN DIRECT PROPERTY & CASUALTY
COMPANY,

Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59 (Doc. #42), filed on April 5, 2007.  Defendant filed a Response (Doc. #45) in opposition on April 23, 2007.

**I.**

Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)); Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir. 1986).  There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2)

the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  See Offices Togolais des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)(collecting cases), aff'd, 228 F.3d 414 (11th Cir. 2000).  A Rule 59 motion is not intended as a vehicle "to relitigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757 (11th Cir. 2005)(citations omitted).

## II.

On March 28, 2007, the Court entered an Opinion and Order (Doc. #40) granting defendant's motion to dismiss and dismissing the case without prejudice for failure to first seek relief with the Office of Insurance Regulation, as required by Progressive Express Ins. Co. v. Reaume, 937 So. 2d 1120 (Fla. 2d DCA 2006). Judgment (Doc. #41) was entered on March 30, 2007.  Plaintiff argues that the Court erred by relying on Reaume because (1) FLA. STAT. § 627.835 was not considered by the Second District Court of Appeals for Florida; (2) Reaume is contrary to controlling law by the Florida Supreme Court and the issue might be decided differently by the highest court of the state; (3) the decision conflicts with another Middle District of Florida decision differentiating "interest rates" and "insurance rates"; and (4) comity concerns were not considered.

Plaintiff argues that Reaume failed to consider FLA. STAT. §
627.835 or "controlling decisional law from the Florida Supreme
Court limiting agency jurisdiction pursuant to the Florida
Constitution." (Doc. #42, p. 2.)  Plaintiff is essentially seeking
to have the undersigned review and overrule the state appellate
court, and federal courts do not have jurisdiction to reconsider or
review state court decisions addressing state law.  Goodman v.
Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001)(The Rooker-Feldman
doctrine "places limits on the subject matter jurisdiction of
federal district courts and courts of appeal over certain matters
related to previous state court litigation."); BellSouth
Telecomms., Inc. v. MCImetro Access Transmission Servs., Inc., 317
F.3d 1270, 1302-1303 (11th Cir. 2003)("it would be 'surpassing
strange to preserve state authority in this fashion and then to put
federal courts in the position of overruling a state agency on a
pure issue of state law.'")(quoting Puerto Rico Tel. Co. v.
Telecommunications Regulatory Bd., 189 F.3d 1, 15 (1sth Cir.
1999)).  Therefore, this argument is without merit.

Florida District Courts of Appeal are the law of Florida
unless and until overruled by the Florida Supreme Court.  Pardo v.
State, 596 So. 2d 665, 666 (Fla. 1992).  "A federal court applying
state law is bound to adhere to decisions of the state's
intermediate appellate courts absent some persuasive indication
that the state's highest court would decide the issue otherwise."
Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678,

690 (11th Cir. 1983)(citations omitted).   Although the Florida Supreme Court may decide differently in the future, plaintiff has not presented any case contrary to the recent ruling by the Second District Court of Appeals which would justify ignoring controlling Florida law, and the Florida Supreme Court denied review in <u>Reaume</u>. Additionally, the unpublished Middle District decision in <u>Fulham v. Allstate Indem. Co.</u>, 2:97-cv-123-FTM-HLA, is not binding precedent and pre-dates a binding Florida decision.   Therefore, the case does not present a conflict and the motion will be denied on both these bases.

"Federal courts should abstain from exercising their jurisdiction if doing so would 'disregard the comity between the States and the National Government.'" <u>Wexler v. Lepore</u>, 385 F.3d 1336, 1339 (11th Cir. 2004).   If the Court were to consider the relationship between state and federal courts, it is clear that the issues raised are for the state to consider and requiring exhaustion before the OIR is consistent with principles of comity. <u>See, e.g.</u>, <u>Mauk v. Lanier</u>, 484 F.3d 1352, 1357 (11th Cir. 2007)(finding that exhaustion requirement for § 2254 habeas petition was grounded in comity and to protect state courts' role in addressing state prisoners' federal rights).   Therefore, this argument is also without merit.

Accordingly, it is now

**ORDERED:**

-4-

Plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59 (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of June, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record